# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STACEY L. HILL,
>           Appellant,

>      v.

DEPARTMENT OF VETERANS
>   AFFAIRS,
>           Agency.

DOCKET NUMBER
CH-1221-15-0508-W-1

DATE: July 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Stacey L. Hill, Evansville, Indiana, pro se.

Michael M. McFatridge, Esquire, Danville, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2   The appellant filed an IRA appeal in which she alleged that the agency retaliated against her for her protected disclosures. The administrative judge dismissed the appeal for lack of jurisdiction without a hearing. The administrative judge found that the appellant exhausted her administrative remedies with the Office of Special Counsel (OSC) as to some of her claims, but not as to her claims that the agency created a hostile working environment and threatened to remove her. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 7-10. The administrative judge also found that the appellant made a nonfrivolous allegation that her disclosure about Dr. H.'s patient care was protected, but failed to make a nonfrivolous allegation that her disclosure that her manager engaged in gross mismanagement by not giving her enough work to do was protected. ID at 4‑7. The administrative judge also found that the appellant failed to make a nonfrivolous allegation that she was affected by a personnel action because she failed to elaborate on her claims that the agency subjected her to a "terrible eval" and "stopped [her] from any increases." ID at 11‑13.

¶3    The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *See, e.g.*, *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). The appellant is entitled to a hearing only once jurisdiction is established, and that hearing is on the merits, not on jurisdiction. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016).

¶4    The appellant does not make a serious challenge to the initial decision in her petition for review. She asserts that the agency mistreated her, singled her out, treated her differently from other employees, and was not receptive to her disclosures. Petition for Review (PFR) File, Tab 1 at 5-8. None of these arguments provides any basis for review because they do not allege or show any error in the initial decision.

¶5    The appellant also asserts that she has new evidence that she did not submit to the administrative judge because the administrative judge did not request it. PFR File, Tab 1 at 6. The appellant appears to be referring to the discovery responses that she submits for the first time on review. *Id.* at 10-20. The discovery responses do not include any documents, merely the appellant's narrative answers to the agency's questions. If the appellant believes that the responses contain information that would help her case, she does not identify what that information might be. To the extent that the appellant's responses may contain further elucidation on her pleadings, the administrative judge ordered her to provide additional information concerning her claims and the appellant did not do so. IAF, Tabs 12, 23‑24.

¶6    The appellant contends for the first time on review that the agency barred her from applying for education assistance. PFR File, Tab 1 at 8. The Board will

not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made such a showing.

¶7 Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.